UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 3:06-CR-00144-LRH-WGC |
| v. | ) | ORDER |
| NICHOLAS FRANCO-FLORES, | ) | |
| Defendant. | ) | |

Before the court are Defendant Nicholas Franco-Flores' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#52). Pursuant to this court's order (#54), the United States filed an opposition (#56). Also before the court is Defendant's request for disclosure of all records and transcripts in his case pursuant to the Freedom of Information Act, 5 U.S.C. § 552a(d)(1) (#57).

I.   **Procedural History**

On September 26, 2006, the grand jury for the District of Nevada returned an indictment charging Defendant with two counts of being an Illegal Alien in Possession of a Firearm, 18 U.S.C. §§ 922(g)(5) and 924(a)(2) ("Counts 1 and 2"); two counts of Distribution of a Controlled Substance - Methamphetamine, 21 U.S.C. § 841(a)(1) ("Counts 3 and 4"); and one count seeking forfeiture of the firearms under 18 U.S.C. §§ 922(g)(1) and 924(d) ("Count 5"). Pursuant to a plea agreement, on October 9, 2007, Defendant pled guilty to Counts 1 and 4.  Counts 2 and 3 were

dismissed, and the firearms were forfeited. On February 19, 2008, this court sentenced Defendant to 120 months imprisonment (the statutory maximum for the drug charge), plus five years of supervised release.

On appeal, Defendant challenged this court's addition of two criminal history points and determination that Defendant was ineligible for safety valve relief from the statutory minimum. On March 9, 2009, the court of appeals affirmed, finding no error in this court's application of the Sentencing Guidelines. On October 5, 2009, the Supreme Court denied Defendant's petition for a writ of certiorari. On September 27, 2010, Defendant timely filed the instant motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

**II.   Motion to Vacate**

Pursuant to § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The prisoner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b).

**A.   Sentencing Calculations**

Defendant claims this court erred at sentencing by adding two criminal history points under U.S.S.G. § 4A1.1(d) and by rejecting his request for safety-valve relief. But these same issues were already raised and disposed of on direct appeal in *United States v. Franco-Flores*, 558 F.3d 978 (9th Cir. 2009). "When a defendant has raised a claim and has been given a full and fair opportunity to litigate it on direct appeal, that claim may not be used as a basis for a subsequent § 2255 petition. *United States v. Hayes*, 231 F.3d 1132, 1139 (9th Cir. 2000). Defendant's motion will therefore be denied as to Ground 3.

### B. *Booker* Error

Defendant also claims that this court imposed an unconstitutional sentence by treating the Sentencing Guidelines as mandatory, in violation of *United States v. Booker*, 543 U.S. 220 (2005), which made the Guidelines discretionary. This claim is procedurally barred, however, as Defendant could have raised the issue on direct appeal and failed to do so, and Defendant has failed to show cause or prejudice to excuse the procedural default. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). Furthermore, Defendant's claim is without merit. While this court indeed imposed sentence pursuant to a mandatory minimum, that minimum is mandated by statute, not the Sentencing Guidelines, and "*Booker* did not affect the imposition of statutory minimums." *United States v. Hernandez-Castro*, 473 F.3d 1004, 1007 (9th Cir. 2007). Defendant's motion will therefore be denied as to Ground 4.

### C. Ineffective Assistance of Counsel

To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a defendant must show both deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, the defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance. The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Richter*, 131 S. Ct. at 787 (quoting *Strickland*, 466 U.S. at 687, 689). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* at 788 (quoting *Strickland*, 466 U.S. at 690).

3

Defendant claims his counsel's representation was deficient in several respects, including: (1) counsel failed to inform him that "by pleading guilty he was giving up (waived) many of his rights"; (2) he was dissatisfied with counsel; (3) counsel "forced him to plead Guilty" when he was not ready to do so and did not understand the consequences of the plea; (4) counsel failed to inform him that he "could face [a] lot of time in prison" by pleading guilty and "was never informed that he could face a tough sentence," leaving him "not properly and adequately informed of the true risks of accepting the government's proposed plea offer"; (6) counsel failed to investigate and present witnesses; and (7) counsel failed to advise him of the risks and benefits of testifying and that the decision was entirely his.

The court finds Defendant's allegations unsupported by any evidence and belied by the record. At the change-of-plea hearing on October 9, 2007, Defendant acknowledged under oath during the court's canvas: (1) he understood "that by pleading guilty to these two charges that [he would] be giving up many important legal rights," which were then specifically listed by the court and acknowledged by the Defendant; (2) counsel "fully informed [him] concerning the charges against [him], the government's case against [him], and the proposed guilty pleas to the two charges in question," counsel had "been able to fully answer all of the questions [he] may have had," and he was "fully satisfied with [counsel's] representation of [him]"; (3) no one had "threatened [him] in order to get [him] to enter a plea of guilty" or was "forcing [him] in any way to enter a plea of guilty," and he "freely and voluntarily enter[ed] into that agreement with the government"; and (4) with respect to the drug charge, he understood "that it is possible that the Court could send [him] to prison for a term as long as life in prison," that "the law requires that [he] serve a minimum of ten years in prison," that "the safety valve, even if it's available to [him] is still completely up to the Court whether to give [him] the benefit of it or not" and "it is quite possible that the Court would give [him] a mandatory minimum sentence of no less than ten years for the [drug] offense to which [he was] charged," and that "regardless of what [his] plea agreement

4

provides and what the attorneys argue, request, or recommend, that it is completely up to the Court to decide what sentence [he] will receive." As to Defendant's allegations regarding counsel's failure to investigate, present witnesses and advise him of the risks and benefits of testifying, Defendant presents no evidence to support such conclusory allegations.

Moreover, even if the performance of counsel were somehow deficient, Defendant has failed to show prejudice, as he makes no argument that the result of the proceedings would have been different absent the alleged errors.

Defendant's motion will therefore be denied as to Grounds 1 and 2.

### III.   Request for Records

After filing his § 2255 motion, Defendant also filed a request under the Freedom of Information Act, 5 U.S.C. § 552a(d)(1), for disclosure of all records related to the above captioned case and a copy of the transcripts (#57). The Freedom of Information Act is inapplicable here, however, as the courts of the United States are not an "agency" subject to the Act. *See* 5 U.S.C. § 551(1)(B). To the extent Defendant's motion may be construed instead as a request for case materials to assist in prosecuting his § 2255 motion, the request shall be denied as moot.

IT IS THEREFORE ORDERED that Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (#52) is DENIED.

IT IS FURTHER ORDERED that Defendant's request for disclosure of records and transcripts (#57) is DENIED.

IT IS SO ORDERED.

DATED this 19th day of December, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE